**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| MICHELLE Y. COE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 1:12-mc-0055-JMS-DML |
| ) | |
| MORTGAGE ELECTRONIC ) | |
| REGISTRATION SYSTEMS, INC, its ) | |
| successor and assigns, as nominee for ) | |
| Ingomar LP, its successors and assigns ) | |
| (MERS), ) | |
| OCWEN FINANCIAL CORP., et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Concerning Selected Matters**

**I.**

The motion for panel review and related relief is yet another request to reconsider. The motion [10] is **denied** because the "panel" feature of the review which is sought is not a step authorized or recognized by the *Federal Rules of Civil Procedure* and because the remainder of the motion is repetitive and is mistaken as to its legal premises, particularly regarding the meaning and non-existence of "jurisdiction" based on the mere filing of a motion. Reconsideration of the prior rulings—each of which was correct, explained, and responsive to the matter presented—is not warranted under these circumstances. *Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011)("It is well established that a motion to reconsider is only appropriate where a court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered")(citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990)).

## II.

Based on the number and content of the meritless motions which continue to be filed, and recognizing the importance of the sound management of a crowded court docket, any further motion filed by Michelle Coe is to be deemed and treated as denied five working days after it is filed unless, within such time, the court directs otherwise. The emphasizes its earlier advisements that there is no civil action on behalf Ms. Coe pending before this Court, and that a civil action can only be commenced by the filing of a complaint. [Fed. R. Civ. Proc. 3.]

**IT IS SO ORDERED.**

Date: 10/23/2012

*Jane Magnus-Stinson*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

Michelle Y. Coe
530 Golf Lane
Indianapolis, IN 46260